1

2

3                            **UNITED STATES DISTRICT COURT**

4                                **DISTRICT OF NEVADA**

5                                       * * *

6   PAUL SCOTT KLEIN,                        )
                                             )
7                        Plaintiff,          )
                                             )          2:08-cv-01475-LDG-LRL
8   v.                                       )
                                             )          **ORDER AND RECOMMENDATION**
9   SEAN KIM, *et al.*,                      )
                                             )
10                       Defendants.         )
                                             )
11  _____ )

12         Before the court are plaintiff Paul Scott Klein's ("Klein") Motion for Order for U.S. Marshal's

13  to Serve Defendants Cheryl Burson, Eric Burson and Roy Plumlee (Sealed Document (#16)) and Motion

14  to Extend 120 Day Service Requirement (Sealed Document (#17)). The court has also considered the

15  government's respective oppositions (##25,26), and Klein's consolidated Reply (#40).

16         Rule 4(m) provides a 120-day period of time for the plaintiff to serve process in a civil action,

17  and mandates dismissal as to any defendant not served within that time or an order that service be made

18  within a specified period; however, the rule also requires the court to extend the time for service if the

19  plaintiff shows good cause for the failure to complete service within the 120-day deadline.  Fed. R. Civ.

20  P. 4(m).  The failure to seek extension before expiration may indicate lack of good cause.  Robert B.

21  Bloom, 1-6 *Moore's Federal Practice - Civil* § 6.06 (2009).   "Because the timing of the request for

22  an extension may be considered as a factor in the 'good cause' analysis, the plaintiff should request an

23  extension of the time period prior to expiration of the period if it is apparent that service cannot be

24  completed within 120 days after the filing of the complaint."  *Id.*[1]

25  _____

26         [1] The government cites Federal Rule of Civil Procedure 6(b)(1)(B), *see* Opp'n (#25) at 3, which requires a motion
    and a demonstration of "excusable neglect" for any extension granted after the 120-day time period has expired.  Rule 4(m),

1        Klein filed his Complaint (#1) against defendants in the District Court for Clark County, Nevada

2   on June 16, 2008, seeking relief based upon 42 U.S.C. § 1983 and 42 U.S.C. § 2000.  Klein alleges that

3   defendant Sr. C/O Tate ("Tate") did not include subscription notices or advertisements from publishers

4   when giving Klein his mail.  Compl. (#1).  Klein further alleges in Counts II and III that defendant Sean

5   Kim ("Kim") retaliated against him by searching his prison cell and harassing him.  *Id.*  In Count IV,

6   Klein alleges Kim violated his religious rights.  *Id.* In Count V, Klein alleges defamation by defendants,

7   while Count VI alleges attempted assault.  *Id.*  Count VII of Klein's Complaint (#1) alleges the

8   supervisory defendants failed to take corrective action as it relates to Kim.  The remainder of Klein's

9   Complaint (#1), *viz.*, Counts VIII through XIII, alleges oppression, malice, intentional infliction of

10  emotional distress, terrorist acts, cruel and unusual punishment, and harassment, stemming from

11  defendants' conduct as it relates to Kim and Tate.  *Id.*[2]

12       On October 27, 2008, the state court proceeding was removed to this court based on federal

13  question jurisdiction.  Notice (#1).  Klein was transferred from the Southern Desert Correctional Center

14  to High Desert State Prison in August 2008, to the Northen Nevada Correctional Center in November

15  2008, and finally to Lovelock Correctional Center in January 2009.  Klein timely served defendants

16  Kim, Brian Williams, Howard Skolnick, Greg Cox, and Tate with the help of the U.S. Marshal's

17  Service.  However, Klein improperly attempted to have Eric Burson and Cheryl Burson served at their

18  home address on December 24 and 29, 2008, and on January 2, 2009.  Mot. (#16) at 7-8.  The Not

19  Found Affidavits for Eric Burson and Cheryl Burson indicate that no responses and/or contacts were

20  made.  *Id.*  The Office of the Attorney General refused to accept service for Roy Plumlee ("Plumlee")

21

---

22  however, does not have a separate standard for extension requests made after expiration of the period, but instead provides

23  the same "good cause" standard.  Fed. R. Civ. P. 4(m).  This more specific provision of Rule 4(m) controls the issue, and
a demonstration of excusable neglect is not required.  *United States ex rel. DeLoss v. Kenner Gen. Contractors*, 764 F.2d

24  707, 710-711 (9th Cir. 1985) (because Rule 6(b) is general provision and Rule 4(m) contains more specific provision, "good
cause" standard found in latter rule applies whether raised by defendant on motion to dismiss, by judge, or by plaintiff on

25  motion under Rule 6(b)).

26      [2] On January 7, 2009, Senior Judge Lloyd D. George dismissed Counts VIII and XI of Klein's Complaint (#1).
Order (#8).

on December 24, 2008, pursuant to NRS 41.031.  *Id.* at 6.  On January 20, 2009, Klein attempted to have Plumlee, Cheryl Burson, and Eric Burson served again, after the time to serve them had run, and without any mention of an enlargement of time to the court.  *Id.* at 10-12.  The USM-285 forms indicate that Klein instructed that they be served at their place of employment, or again at the Office of the Attorney General located at 555 East Washington Ave., #3900, Las Vegas, NV 89101.  *Id.*

Klein filed his Motion for Order for U.S. Marshal's to Serve Defendants Cheryl Burson, Eric Burson and Roy Plumlee (Sealed Document (#16)) and Motion to Extend 120 Day Service Requirement (Sealed Document (#17)) on February 2, 2009.  He made no effort to enlarge the time to serve Plumlee, Cheryl Burson, or Eric Burson before the October 14, 2008 deadline.  Although courts are tasked with protecting pro se litigants such as Klein from the consequences of confusion or delay attending the resolution of an *in forma pauperis* petition, *see* Fed. R. Civ. P. 4(m) advisory committee note of 1993, Klein is actively litigating multiple lawsuits and should be well aware of the proper rules of service, *see DeRoche v. Funkhouser*, CV 06-1428-PHX-MHM (MEA), 2008 U.S. Dist. LEXIS 70422, at *3 (D. Ariz. Sept. 16, 2008) ("[T]he plaintiff must provide the U.S. Marshal with the information necessary to identify the defendant.  Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court may, *sua sponte*, dismiss the unserved defendants.") (citations and internal quotation marks omitted).  Moreover, Klein's half-hearted attempts to comply with the deadline—for example, he did not have summons issued for Eric Burson until October 3, 2008, *see* Mot. (#16) at 13—do not constitute good cause, notwithstanding any delays caused by his August 2008 transfer to High Desert State Prison.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion for Order for U.S. Marshal's to Serve Defendants Cheryl Burson, Eric Burson and Roy Plumlee (Sealed Document (#16)) is DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion to Extend 120 Day Service Requirement (Sealed Document (#17)) is DENIED.

. . .

3

IT IS FURTHER ORDERED that plaintiff's Motion for Extension of Time and Request for Clerk to Return to plaintiff (#41) is GRANTED to the following extent:

1. the Clerk of Court shall SEND to plaintiff a copy of his Motion for Order to Allow Plaintiff to Gain Affidavits (#18).

2. plaintiff shall have thirty (30) days from receipt of the copy of his Motion for Order to Allow Plaintiff to Gain Affidavits (#18) to file a reply to defendants' respective Opposition (#31).

IT IS ALSO RECOMMENDED that Eric Burson, Cheryl Burson, and Roy Plumlee be dismissed without prejudice.  *See* Mot. (#28).

DATED this 27th day of March, 2009.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**